# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID JONES** | **CASE NO.  6:21-CV-00838** |
| **VERSUS** | **JUDGE JUNEAU** |
| **LEGACY MANAGEMENT GROUP OF LOUISIANA LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court are the following:

- Defendants' Motion to Dismiss or Alternatively to Transfer (Rec. Doc. 6). Plaintiff opposed (Rec. Doc. 12), and Defendant replied (Rec. Doc. 16).

- Plaintiff's Motion to Remand (Rec. Doc. 10). Defendants opposed (Rec. Doc. 17), and Plaintiff replied (Rec. Doc. 22).

The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion to Remand be granted and that Defendants' Motion to Dismiss be denied as moot.

## Factual Background

Plaintiff brought this wrongful death and survival action in state court against the nursing home and its administrator where his mother, Hazel Jones, allegedly died due to Covid-19. (Rec. Doc. 1-2). Plaintiff alleges that Defendants failed to comply with Covid-19 protocols to prevent the spread of the virus among its residents by failing to ensure patients were separated and quarantined, failing to monitor or control visitors, failing to institute temperature checks, and failing to require or encourage face masks, *inter alia*. (Rec. Doc. 1-2). Plaintiff alleges Defendants are liable for Ms. Jones's death due to their gross negligence and willful misconduct. (Rec. Doc. 1-2).

Defendants removed the case to this Court asserting federal question jurisdiction under 28 U.S.C. §1331 based on the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §247d-6. (Rec. Doc. 1). Defendants contend the PREP Act preempts all state law causes of action and immunizes Defendants from liability arising from their administration of Covid-19 protocols. Plaintiff opposed the Motion to Dismiss and filed a separate Motion to Remand on the grounds that the Court lacks subject matter jurisdiction, because the PREP Act does not apply to preempt Plaintiff's state law causes of action.

## Law and Analysis

The Court must first consider Plaintiff's subject matter jurisdictional attack. See *Wilson v. Houston Cmty. Coll. Sys.,* 955 F.3d 490, 494 (5th Cir. 2020), *cert. granted,* No. 20-804, 2021 WL 1602636 (U.S. Apr. 26, 2021), citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Defendants removed this matter on the grounds of federal question jurisdiction pursuant to 28 U.S.C. §1331. Defendants contend the PREP Act expressly preempts state law causes of action and presents a federal question as to whether Defendants are immune from liability.

Passed in 2005, the PREP Act vests the Secretary of Health and Human Services ("Secretary") with authority to determine that a disease or other threat to health constitutes a public health emergency and to issue a declaration recommending administration of specified countermeasures. 42 U.S.C. §§ 300hh; 247d-6d(b)(1). Once the Secretary has issued a declaration, the PREP Act provides broad immunity "from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure..." provided the Secretary has issued a declaration with respect to such countermeasures. *Id.* § 247d-6d(a)(1). In response to the COVID-19 pandemic, the Secretary issued the "Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19" ("the

3

Declaration") on March 17, 2020. 85 Fed. Reg. 15198 (Mar. 17, 2020). The Declaration essentially recommends the use of various covered countermeasures and provides immunity from liability to covered persons for activities related to medical countermeasures against COVID-19. It also provides an avenue for recovery for claims for death and serious physical injury that involve "willful misconduct." *Id.* The Secretary has amended the Declaration seven times since its issuance. Additionally, the Secretary's General Counsel has issued six advisory opinions clarifying the Secretary's Declaration and subsequent amendments.

The Fifth Circuit summarized removal jurisdiction based on federal question as follows:

> A district court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The defendant seeking removal bears the burden of demonstrating that a federal question exists. *In re Hot–Hed, Inc.,* 477 F.3d 320, 323 (5th Cir.2007). Because removal raises significant federalism concerns, the removal statute is strictly construed "and any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*

> Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat'l Bank,* 523 F.3d 546, 551 (5th Cir.2008). "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction." *Id.* at 550.

*Gutierrez v. Flores*, 543 F.3d 248, 251–52 (5th Cir. 2008).[1]

In this case, Plaintiff alleges claims for gross negligence and willful/wanton misconduct, both of which are state law claims. (Rec. Doc. 1-2, p. 13-15). See e.g. *U.S. ex rel. Adm'r of E.P.A. v. CITGO Petroleum Corp.,* 723 F.3d 547, 554 (5th Cir. 2013). However, "[a] corollary to the well-pleaded complaint doctrine is that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Johnson v. Baylor Univ.,* 214 F.3d 630, 632 (5th Cir.2000) (internal quotation omitted). If the PREP Act completely preempts Plaintiff's state law claims for negligence and willful/wanton misconduct, federal court jurisdiction is proper.

In order to establish complete preemption, the defendant must show that: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that the federal claims be exclusive. *Gutierrez*, 543 F.3d at 252, citing *Johnson* 214 F.3d at 632 and *Bernhard v. Whitney Nat. Bank,* 523 F.3d 546, 553 (5th Cir.2008).

---

[1]  See also *Gutierrez*, 543 F.3d at 252, fn. 5 discussing the difference between complete preemption, at issue in this case, which establishes removal jurisdiction, and ordinary preemption, which arises as a defense based in federal law.

First, the Court must determine whether the PREP Act contains a civil enforcement provision that replaces and protects an analogous cause of action. Defendants identify 42 U.S.C. §247d-6d as the PREP Act's civil enforcement provision. These provisions provide: (1) compensation from the Fund is the exclusive remedy for an "eligible individual" who has sustained a "covered injury" "directly caused by the administration or use of a covered countermeasure," 42 U.S.C. § 247d-6e(a)-(e); (2) an injured party who intends to bring a cause of action for willful misconduct must first exhaust administrative remedies, *id.* § 247d-6e(d); (3) suits for willful misconduct may be filed only as a "Federal cause of action" in the "United States District Court for the District of Columbia." *Id.* §§ 247d-6d(d)(1); 247d-6d(e)(1).

Plaintiff contends that the PREP Act does not replace his state law claims, because Defendants' alleged failures to comply with Covid-19 protocols do not constitute "administration or use of a covered countermeasure."[2] Plaintiff contends that Defendants' *failures* to use countermeasures (i.e. Defendants' *inaction*) do not constitute "administration or use." The majority of district courts which have addressed the issue agree that a nursing home facility's alleged failure to implement

---

[2] Plaintiff does not contest that Defendants are "Covered Persons" under the PREP Act. Neither does Plaintiff contest what constitutes "Covered Countermeasures" under the Act such as personal protective equipment and other countermeasures recommended by the CDC.

6

countermeasures, or inaction, does not trigger the PREP Act. See e.g. *Lutz v. Big Blue Healthcare, Inc.*, No. 2:20-CV-2316-HLT-JPO, 2020 WL 4815100 (D. Kan. Aug. 19, 2020); *Gunter v. CCRC OPCO-Freedom Square, LLC*, No. 8:20-CV-1546-T-36TGW, 2020 WL 8461513, at *3 (M.D. Fla. Oct. 29, 2020); *Sherod v. Comprehensive Healthcare Mgmt. Servs., LLC*, No. 20CV1198, 2020 WL 6140474, at *7 (W.D. Pa. Oct. 16, 2020) (appeal pending); *Gibbs on behalf of Est. of Velasquez v. Se. SNF LLC*, No. SA20CV01333JKPRBF, 2021 WL 1186626, at *3 (W.D. Tex. Mar. 30, 2021).

The Court agrees. Indeed, by the statute's explicit terms, immunity applies "**only if the countermeasure was administered or used** during the effective period of the declaration…" and "**only if the countermeasure was administered or used** for the category or categories of diseases, health conditions, or threats to health specified in the declaration." 42 U.S.C. §2476-6d(a)(3). (emphasis added).

Defendants cite Advisory Opinion 21-01, issued January 8, 2021, for the proposition that the PREP Act applies to cases of inaction. A.O. 21-01 posits that PREP Act immunity is triggered by a nursing home facility's failure to implement Covid-19 countermeasures, because the Act applies to claims for loss "relating to" the "administration or use" of a covered countermeasure. (A.O. 21-01 at Rec. Doc. 6-10). The opinion cites no supporting authority for its interpretation and explicitly states that it does not have the force or effect of law. The Court further agrees with

the Northern District of Texas's well-reasoned discussion in *Schuster v. Percheron Healthcare, Inc.*, rejecting A.O. 21-01 as follows:

> While the Secretary's Declaration under the PREP Act "must be construed in accordance with the Advisory Opinions of the Office of the General Counsel," Fourth Am. Decl., 85 Fed. Reg. 79,194–95, the Advisory Opinion expressly acknowledges that it "does not have the force or effect of law" Advisory Op. 21-01. Thus, even assuming *arguendo* that Congress intended to delegate authority to the Secretary and HHS's Office of the General Counsel "generally to make rules carrying the force of law," the Office of the General Counsel interpretation relied upon by Defendant here explicitly was not "promulgated in the exercise of that authority" and is not entitled to *Chevron* deference. *See United States v. Mead Corp.*, 533 U.S. 218, 226–27, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (deciding that no *Chevron* deference is due where an agency's rule or opinion was not "promulgated in the exercise of" any delegated congressional authority).

> Moreover, the Court finds that the interpretation lacks the "power to persuade." *Cf. id.* at 235, 121 S.Ct. 2164 (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944)); *see also Christensen v. Harris Cty.*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) (holding that agency interpretations in opinion letters are "entitled to respect" to the extent they have the "power to persuade"). The Advisory Opinion cites no cases for its proposition that an exclusive federal administrative remedy is sufficient for complete preemption. *See* Advisory Op. 21-01.

> The Court finds that the plethora of cases rejecting the Advisory Opinion's position, *see supra* at 536–37 – ——, possess a much larger "power to persuade" than the Advisory Opinion.

*Schuster v. Percheron Healthcare, Inc.,* 493 F. Supp. 3d 533, 538 (N.D. Tex. 2021)

Defendants also rely upon 85 FR 79,197, which provides that the PREP Act can apply to *not* administering covered countermeasures. Defendants' interpretation

of this regulation improperly extends the PREP Act to *all* cases of inaction, rather than the limited cases of inaction plausibly recognized by the Act. 85 FR 79,197 addresses the situation in which there is limited availability of a vaccine. In that case, the PREP Act would shield a covered person from liability to an individual who was less vulnerable and therefore not given the vaccine. As one court reasoned, the covered cases of inaction require allegations of causation:

> [I]n theory, certain inaction claims could trigger the PREP Act. But here, plaintiff alleges neither (1) limited covered countermeasures nor (2) a failure to administer those countermeasures to decedent "in order to administer it to another" individual. 85 Fed. Reg. at 79,197. And while defendants have characterized their actions in such terms,[6] the Petition alleges nothing about "[p]rioritization or purposeful allocation of a Covered Countermeasure[.]" *Id.* If plaintiff alleges the administration of a covered countermeasure at all, she alleges no direct causal connection between (1) decedent's injuries and (2) defendants' decisions to administer to *another person* the covered countermeasures that defendants claim the Petition refers to—PPE, diagnostic tests, an infection control plan, or actions under Kan. Admin. Regs. § 26-41-207. *See* Doc. 41 at 22–24.

> *Anson v. HCP Prairie Vill. KS OPCO LLC*, No. 20-2346-DDC-JPO, 2021 WL 308156, at *10 (D. Kan. Jan. 29, 2021).

The narrow examples of inaction envisioned by the PREP Act should not be extended to include complete failures to follow applicable protocols. Had Congress intended the PREP Act to broadly cover all claims arising out of failures to comply with and non-administration or non-use of Covid-19 protocols, it could have drafted the statute and regulations accordingly. The Court does not believe Congress intended to immunize entities and persons who completely failed to implement

countermeasures. This Court will not upend federalism principles by creating blanket immunity absent express instruction from the legislative branch. Compare *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816, 825 (2018) ("[W]e decline to read into the statute a blanket abrogation of attachment and execution immunity…absent a clearer indication of Congress' intent.")

Plaintiff's allegations do not claim that Ms. Jones's death was caused by Defendants' administration or use of limited countermeasures for other patients. Absent such allegations and absent express Congressional intent that the PREP Act replaces state law claims for the *non*-administration or *non*-use of countermeasures, the Court finds the PREP Act does not satisfy the first standard for complete preemption. [3]

Additionally, the PREP Act cannot be interpreted to establish exclusive federal court jurisdiction, as also required for complete preemption. In this regard, the *Schuster* court reasoned:

> The PREP Act does not provide the exclusive cause of action for claims that fall within its scope; in fact, for the most part, the Act provides no causes of action whatsoever. The PREP Act is, at its core, an *immunity* statute; it creates no rights, duties, or obligations. *See* 42 U.S.C. § 247d-6d(a)(1). In providing immunity to certain covered persons for certain types of claims, the PREP Act confers primary

---

[3]     To the extent Defendants rely upon the footnote in *Rachal v. Natchitoches Nursing & Rehab Center, LLC*, Docket No. 1:21-cv-00334 (W.D.La., Alexandria Division, April 30, 2021) in support of their argument that the PREP Act is complete preemption statute, this Court respectfully disagrees.

jurisdiction over most claims not to the federal courts but to the Secretary, who has the sole authority to administer and provide compensation from a "Covered Countermeasure Process Fund." See 42 U.S.C. §§ 247d-6e(a), 247d-6e(b). Even with PREP Act claims involving "willful misconduct," which must be brought exclusively in the United States District Court for the District of Columbia, the plaintiff must first exhaust administrative remedies, and may elect to accept compensation from the Process Fund instead of filing suit in federal court. 42 U.S.C. §§ 247d-6e(d)(1), 247d-6e(d)(5); *see also* 42 U.S.C. §§ 247d-6d(d)(1), 247d-6d(e)(1). Thus, except for one narrow exception, PREP Act claims cannot be brought in federal court.

*Schuster,* 493 F. Supp. 3d at 537–38.

See also *Dupervil v. All. Health Operations, LCC*, No. 20CV4042PKCPK, 2021 WL 355137, at *9 (E.D.N.Y. Feb. 2, 2021) ("[T]he PREP Act does not provide the exclusive cause of action for claims that fall within its scope; in fact, for the most part, the Act provides no causes of action at all.") (appeal pending). This Court agrees. The PREP Act is, at its heart, an immunity statute without the teeth to confer original and exclusive federal court jurisdiction.

Defendants analogize the PREP Act to the Air Transportation Safety and System Stability Act ("ATSSSA"), which Defendants contend is a complete preemption statute structurally similar to the PREP Act. The ATSSSA establishes a Victim Compensation Fund for victims of the September 11 attack. It explicitly creates "**a Federal cause of action** for damages arising out of the hijacking and subsequent crashes…on September 11, 2001 .... [which] shall be the **exclusive** remedy for damages arising out of the hijacking and subsequent crashes of such

flights." ATSSSA § 408(b)(1); (emphasis added). The PREP Act's exclusivity provision provides that the *remedy* (the compensation fund) is exclusive; the remedy applies only to covered claims—those arising from the administration or use of covered countermeasures. 42 U.S.C.A. § 247d-6e (d)(4). The Act does not explicitly create a separate exclusive Federal cause of action. See further discussion in *Schuster,* 493 F. Supp. 3d at 538–39.

As a federal defense based on immunity, the PREP Act is more in accord with the principles of ordinary preemption than as a basis for complete preemption. The theory of ordinary preemption does not establish federal jurisdiction. See discussion in *Schuster*, 493 F.Supp.3d at 536. See also *Gutierrez*, 543 F.3d at 252, fn. 5. Accordingly, because the PREP Act does not preempt Plaintiff's claims, Plaintiff's Motion to Remand should be granted. Because subject matter jurisdiction is thus lacking, the Court recommends that Defendants' Motion to Dismiss be denied as moot.

The Court cautions that this opinion should not be interpreted as a finding on whether Defendants are actually entitled to PREP Act immunity. The sole issue decided herein is whether the PREP Act confers original federal jurisdiction under §1331. The Court finds that it does not. As such, the state court should be tasked with determining whether Defendants are entitled to PREP Act immunity for Plaintiff's state law claims.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 10) be GRANTED and that Defendants' Motion to Dismiss or Alternatively, to Transfer (Rec. Doc. 6) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of July, 2021.


_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**