UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| DAVID JONES | * | CIVIL ACTION NO. 6:21-CV-00838 |
| | * | |
| VERSUS | * | JUDGE JUNEAU |
| | * | |
| LEGACY MANAGEMENT GROUP OF LOUISIANA, LLC ET AL | * * * | MAGISTRATE JUDGE CAROL B. WHITEHURST |

_____

### DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION

*MAY IT PLEASE THE COURT:*

Defendants, LEGACY MANAGEMENT GROUP OF LOUISIANA, LLC ("Legacy") and DAVID LALANDE ("Lalande") (together, the "Defendants"), respectfully submit the following as an objection to the Magistrate Judge's Report and Recommendation ("R&R") (R. Doc. 23). For the reasons set forth below, Defendants respectfully urge this Court to reject the recommendations in the R&R, deny Plaintiff's Motion to Remand (R. Doc. 10) and grant Defendants' Motion to Dismiss or Alternatively, to Transfer (R. Doc. 6).

### I. INTRODUCTION

Does the Public Readiness and Emergency Preparedness Act (the "PREP Act"), 42 U.S.C.A. §§ 247d-6d, 247d-6e completely preempt Plaintiff's state law claims and provide federal subject matter jurisdiction? Based on the text of the PREP Act and the relevant guidance from the Department of Health and Human Services, the answer to this question is a resounding "Yes". The R&R is mostly predicated on a false interpretation of the PREP Act that it does not cover claims of "inaction" surrounding covered countermeasures. *See e.g., Maglioli v. Andover Subacute Rehab. Ctr.*, No. 20-6605 (D.N.J. Aug. 12, 2020); *Baskin v. Big Blue*

*Healthcare*, No. 2:20-cv-2267 (D.Ka Aug. 19, 2020). However, this line of reasoning neglects the broad "caused by, arising out of, relating to, or resulting from" language of the PREP Act and the broad definition of "administration" that applies to decision-making, fails to appreciate the nature of "notice pleading," and threatens to render the PREP Act's immunity from "suit" meaningless in most contexts. Under this construction, the PREP Act would only shield a defendant from suit if the plaintiff expressly alleges in the initial pleadings that the injury was directly caused by a covered countermeasure, even though most plaintiffs would never draft their pleadings in such a manner. As discussed below, Defendants respectfully object to the ruling set forth in the R&R and ask this Court to deny Plaintiff's Motion to Remand (R. Doc. 10) and grant Defendants' Motion to Dismiss or Alternatively, to Transfer (R. Doc. 6).

## II. LAW & ARGUMENT

The Fifth Circuit's standard for complete preemption, is as follows:

> (1) the statute contains a civil enforcement provision that <u>creates a cause of action that both replaces and protects the analogous area of state law</u>; (2) there is a specific <u>jurisdictional grant to the federal courts for enforcement of the right</u>; and (3) there is clear Congressional intent that claims brought under the federal law be removable . . . This test for complete preemption was subsequently clarified by the Supreme Court in *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003), which shifted the focus of the last part of the test from Congress's intent that the claim be removable, to <u>Congress's intent that the federal action be exclusive</u>.

*Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008) (emphasis added). Based on this standard, the text of the PREP Act, and relevant guidance from the Department of Health and Human Services, Defendants offer the following objections.

**A.    First Objection: The Report and Recommendation Fails to Use the Correct Standard Regarding Whether the PREP Act Applies to Plaintiff's Claims.**

The first element of complete preemption is that a statute "contains a civil enforcement

provision that creates a cause of action that both replaces and protects the analogous area of state law...." *Gutierrez*, 543 F.3d at 252. The R&R appears not to contest that 42 U.S.C. §247d-6d contains a civil enforcement provision. (*See* R. Doc. 23 at 6). The remaining question, then, is whether the civil enforcement provision "replaces and protects the analogous area of state law...." *Gutierrez*, 543 F.3d at 252. Importantly, it is not the entitlement to federal relief that triggers complete preemption of a claim, but rather that the claim itself is preempted by a statute that also creates an exclusive federal cause of action. *See, e.g., Beneficial Nat. Bank*, 539 U.S. at 8 (2003) *Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1314 (5th Cir 1994); *Cannon v. Group Health Serv. of Oklahoma, Inc.*, 77 F.3d 1270, 1274 (10th Cir 1996).[1] The PREP Act does just that thereby invoking complete preemption.

> **1. In Determining Whether the PREP Act Applies to Plaintiff's Claims, the Report and Recommendation Erroneously Fails to Analyze Whether Plaintiff's Claim for Loss Relates to the Administration of a Covered Countermeasure.**

The Magistrate Judge erroneously agreed with Plaintiff's argument that the PREP Act "does not replace [Plaintiff's] state law claims...." *Id.* In so agreeing, the R&R essentially held that Plaintiff's claims do not fall under the PREP Act. The R&R erroneously analyzed whether "Defendants' alleged *failures to comply* with Covid-19 protocols ... *constitute 'administration or use of a covered countermeasure.'*" *Id.* (emphasis added). However, this is **not** the applicable standard under the PREP Act.

---

[1] It is therefore entirely possible, albeit unfortunate, that a claimant can be left without a remedy after the application of the complete preemption doctrine. *See La Buhn v. Bulkmatic Transp. Co.*, 644 F. Supp. 942, 948 (N.D. Ill 1986) ("As is typical in these preemption cases, a removing defendant tows the case into the federal harbor only to try to sink it once it is in port.") aff'd 865 F.2d 119 (7th Cir. 1988).

The correct standard is the much broader standard of whether ***a Plaintiff's "claim for loss" "relat[es] to" and "has a causal relationship with" the administration of*** a covered countermeasure.   (Emphasis added)  *See* 42 U.S.C.A. § 247d-6d(a)(1); 42 U.S.C.A. § 247d-6d(a)(2)(B).  "Loss" under the PREP Act specifically includes death.  *See* 42 U.S.C.A. § 247d-6d(a)(2)(A).  Here, Plaintiff has asserted a survival action and a wrongful death claim based on the death of Ms. Jones from COVID-19.  If Ms. Jones' contracting and death from COVID-19 was potentially related to or caused by the administration of a covered countermeasure, the PREP Act is necessarily implicated.

Plaintiff's lawsuit places at issue *how Ms. Jones contracted and ultimately died from COVID-19*, including whether Ms. Jones' death was caused by failures on the part of Defendants. The claim for loss relating to Ms. Jones' death <u>necessarily</u> relates to whether and how effectively Defendants were administering covered countermeasures. This includes all activity falling under the extremely broad definition of "administration", including "activities and decisions" relating to the delivery of countermeasures, the "management and operation" of a countermeasure program, or "management and operation" of locations for the purpose of distributing countermeasures.  *See*  85 Fed. Reg. 79197 (R. Doc. 6-5); 85 Fed. Reg. 15200 (R. Doc. 6-2).  By alleging as an injury the contraction of COVID-19 and claiming that Defendants were responsible for preventing it, Plaintiff places at issue **all conduct** the Defendants took to prevent the spread of COVID-19 antigens throughout the environment within the facility. To the extent that those actions involve the use and administration of covered countermeasures, the claim for loss "relates to" and alleges "a causal relationship" with those activities.

**2. In Determining Whether the PREP Act Applies to Plaintiff's Claims, the Report and Recommendation Erroneously Applied an Action Versus Inaction Distinction and Failed to Consider Whether Plaintiff Alleges "Complete Nonfeasance".**

The Magistrate Judge erroneously applied an action versus inaction distinction and erroneously held that the PREP Act does not apply in most cases of inaction. (R. Doc. 23, pp. 6-7). Contrary to the Magistrate Judge's holding, PREP Act immunity does ***not*** exclude inaction or "omissions" from its protection. In fact, the PREP Act repeatedly uses the phrase "acts or ***omissions***" when describing what may rise to the level of willful misconduct - thus clearly allowing for scenarios where omissions do warrant immunity. *See* 42 U.S. Code § 247d-6d (emphasis added). The very first Advisory Opinion relating to the Declaration, Advisory Opinon 20-01, supports that view, expressly noting that certain "acts or ***omissions***" remain immune from suit - even outside the exception for willful misconduct. *See* Advisory Opinion 20-01 at 7 (R. Doc. 6-7) (emphasis added).

Further, Advisory Opinion 21-01, which has been incorporated into the Declaration with the Fourth Amendment thereto, expressly rejects a mere action versus inaction distinction as dispositive. Instead, the proper standard, as noted *supra*, is that the PREP Act extends immunity to anything "relating to" the administration of a covered countermeasure. *See* AO 21-01 (R. Doc. 6-10), p. 3. The R&R stated that AO 21-01 cites no authority and does not have the force or effect of law. (R. Doc. 23, p. 7). ***However, AO 21-01 clearly cites to the plain text of the statute in analyzing the "relating to" standard***. *See* AO 21-01 (R. Doc. 6-10), pp. 2-3.

In addition, the R&R implies that it declined to afford *Chevron's* "controlling weight" deference to Advisory Opinion 21-01 because it was not a final agency action and merely found

AO 21-01 not persuasive. However, the R&R did not address the fact that HHS had previously mandated that its Declaration and all amendments thereto be interpreted in light of its advisory opinions. *See* 85 Fed. Reg. 79195 (under the fourth amendment to the Declaration, the Secretary expressly provided that the Declaration itself "must be construed in accordance with the Advisory Opinions of the Office of the General Counsel."). Further, this dismissive approach to HHS's own administrative materials effectively amounts to no deference at all, even though HHS was expressly delegated the authority by congress to implement the PREP Act's protections and administer the statute in furtherance of its duty to lead the nation's public health emergency response in times of great crisis. *See Rachal v. Natchitoches Nursing & Rehab.* Ctr., No. 1:21-cv-334, at *N.3 (W.D.L.A. Apr. 30, 2021).

Accordingly, the mere fact that Plaintiff frames his cause of action as based on inaction does not necessarily mean that the PREP Act is inapplicable. Instead, only "complete nonfeasance, where 'defendant's culpability is the result of its *failure to make any decisions whatsoever*, thereby abandoning its duty to act as a program planner or other covered person,' would complete preemption not apply." (Emphasis added) *Rachal v. Natchitoches Nursing & Rehab Center LLC*, Civil Docket No. 1:21-CV-00334 (W.D. La. April 30, 2021) (citing AO 21-01). Here, the Petition does ***not*** allege complete nonfeasance. Instead, the Petition alleges that Legacy "encouraged employees to wash their hands and sanitize areas of the facility" (Id. at 35), "***chose*** to continue to operate in much the same way it always had--albeit with slightly more hand-washing" (Petition, R. Doc. 1-2, 38) (emphasis added), "All of Plaintiff's claims arise from Legacy Nursing Home's ***choice*** to disregard common sense procedures or to have physical infrastructure in place to prevent residents from catching Coronavirus" (Id. at 58),

"willfully disregarded guidelines" (Id. at 60), and "cho[se] to continue admitting residents" (Id. at 60(N)). Clearly, the Petition alleges that Legacy made decisions rather than "fail[ing] to make any decisions whatsoever" as would be required to show complete nonfeasance. Similarly, the Petition alleges that Lalande "cho[se] to continue admitting residents..." (Id. at 62(H)). Because Plaintiff's claims fall within the PREP Act, the PREP Act effectively "replaces and protects" the areas of state law that Plaintiff bases his claims upon through the PREP Act's "civil enforcement provision . . . ." *See Gutierrez*, 543 F.3d at 252.

**B.     Second Objection: The Report and Recommendation Erroneously Held that the PREP Act Does not Establish Exclusive Federal Court Jurisdiction.**

The second element required for complete preemption is that "there is a specific jurisdictional grant to the federal courts for enforcement of the right . . . ." *Gutierrez*, 543 F.3d at 252. The R&R erroneously held that "the PREP Act cannot be interpreted to establish exclusive federal court jurisdiction, as also required for complete preemption." (R. Doc. 23 at 10).

However, the PREP Act *does* provide a specific jurisdictional grant to the federal courts for the enforcement of the right: a claim for willful misconduct that "shall be for an exclusive Federal cause of action . . . ." 42 U.S.C. § 247d-6d(d)(1). This federal cause of action is "the sole exception to the immunity from suit and liability of covered persons . . . ." *Id.* The PREP Act does establish a no-fault compensation program for some injured claimants called the "Covered Countermeasure Process Fund" ("CCPF"). § 247d-6e. However, the no-fault benefit process is not a cause of action, and it does not require the participation of a would-be defendant, or "covered person." Therefore, a claim for "willful misconduct" under § 247d-6d(d) is the sole and exclusive cause of action that can be asserted in any court in the

United States of America between a claimant and a defendant for any claim falling under the PREP Act.

**C.    Third Objection: The Report & Recommendation Failed to Address Whether Plaintiff's Petition Was Removable Under the "Substantial Federal Question" or *"Grable"* Doctrine.**

Subject matter jurisdiction also exists here because Plaintiff's Petition presents a "substantial federal question." *See Gunn v. Minton*, 568 U.S. 251, 258 (2013) citing *Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). In the Fourth Amendment to the Declaration, the Secretary explains that, because there are substantial federal legal and policy issues at stake, jurisdiction is proper under the *Grable* doctrine. The Fourth Amendment to the Declaration states,

> The Secretary makes explicit in Section XI that there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g., 545 U.S. 308 (2005), in having a ***unified, whole-of-nation response*** to the COVID-19 pandemic among federal, state, local, and private-sector entities…Thus, there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g., 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act.

85 Fed. Reg. 79190-01 (R. Doc. 6-5) (emphasis added). Accordingly, this doctrine provides yet another basis for this Court's jurisdiction in this matter.

## CONCLUSION

For the reasons set forth in this Objection to Report and Recommendation in addition to those more specifically discussed in Defendants' Opposition to Plaintiff's Motion to Remand, Defendants respectfully ask this Court to reject the Magistrate Judge's Report and

Recommendation, deny Plaintiff's Motion to Remand (R. Doc. 10) and grant Defendants' Motion to Dismiss or Alternatively, to Transfer (R. Doc. 6).

    Respectfully submitted,

    **GOLD, WEEMS, BRUSER, SUES & RUNDELL**

    By:    /s/Sarah Spruill Couvillon
           Brandon A. Sues (LA Bar #25517)
           Sarah Spruill Couvillon (LA Bar #30185)
           Connor C. Headrick (LA Bar #38265)
           2001 MacArthur Drive
           P. O. Box 6118
           Alexandria, LA 71307-6118
           Telephone: (318) 445-6471
           Facsimile: (318) 445-6476
**ATTORNEYS FOR DEFENDANTS, LEGACY MANAGEMENT GROUP OF LOUISIANA, LLC D/B/A LEGACY NURSING & REHABILITATION OF FRANKLIN AND DAVID LALANDE**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 20th day of July 2021, I electronically filed the foregoing with the Clerk of Court via the CM/ECF system which will send notice of electronic filing to all known counsel of record who are participants.

           /s/ Sarah Spruill Couvillon
           Sarah Spruill Couvillon